OPINION
{¶ 1} The defendant-appellant, Charles E. Hutchen ("Hutchen"), appeals the May 31, 2006 Judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio filed on June 6, 2006 sentencing him to two years in prison.
 {¶ 2} On February 1, 2005, Hutchen received a phone call from an acquaintance requesting to purchase marijuana from him. The caller was a confidential informant working for the Hancock County METRICH Drug Enforcement Unit. Hutchen obtained money from the confidential informant, went and purchased the marijuana and then returned to his home where he met the confidential informant and provided him with the marijuana, thus completing the transaction.
 {¶ 3} Two months later, on April 14, 2005, Hutchen received another call from the same confidential informant inquiring if he would sell the confidential informant cocaine. Again, Hutchen obtained money from the confidential informant, went and purchased the cocaine and then returned providing the confidential informant with cocaine.
 {¶ 4} On May 12, 2005, Hutchen was contacted again by the confidential informant and asked to purchase marijuana. The transaction took place providing the confidential informant with another purchase of marijuana. Thus, overall Hutchen sold $1,490.00 worth of cocaine and marijuana to the confidential informant. All three drug deals were completed at Hutchen's home, which was within one thousand feet of the premises of a school.
 {¶ 5} On December 13, 2005, Hutchen was indicted by the Hancock County Grand Jury on one count of trafficking in cocaine, a violation of R.C. 2925.03(A), a felony of the second degree, and two counts of trafficking in marijuana, a violation of R.C. 2925.03(A), felonies of the fourth degree. On April 19, 2006, pursuant to a negotiated plea agreement, the school specification language was deleted from the indictment and Hutchen entered guilty pleas to reduced charges contained within each count of the indictment. The trial court accepted his pleas and found him guilty of trafficking in cocaine, a felony of the third degree and two counts of trafficking in marijuana, felonies of the fifth degree. On May 31, 2006, Hutchen was sentenced to serve a mandatory term of two years in prison for the third degree felony offense of trafficking in cocaine and nine months in prison for each fifth degree felony of trafficking in marijuana to be served concurrently for a total term of two years.
 {¶ 6} On June 15, 2006, Hutchen filed a notice of appeal raising the following sole assignment of error:
 THE TRIAL COURT ERRED BY IMPOSING A NON-MINIMUM SENTENCE ON MR. HUTCHEN IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES
 {¶ 7} Hutchen's sole assignment of error poses an issue concerning his felony sentencing. He alleges that the trial court erred by imposing a non-minimum sentence on him in violation of the Due Process and Ex Post Facto Clauses. Specifically, he argues that the trial court erred in sentencing him to two years in prison instead of the statutory minimum sentence of one year.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-256. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and resentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Hutchen to a two year prison term. Hutchen plead guilty to a third degree felony and two fifth degree felonies.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four or five years.
 (4) For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.
 (5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
Hutchen could have been sentenced to as little as one year or as much as seven years for the counts that he pled guilty to. In this case, Hutchen was sentenced to two years.
 {¶ 11} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Ex Post Facto and Due Process Clauses. Hutchen entered a negotiated plea of guilty on April 19, 2006 following the Supreme Court of Ohio's decision inFoster on February 27, 2006. He understood the sentencing range for the felonies he pled guilty to and was sentenced within the sentencing range. In addition, the sentencing range for his felonies has remained unchanged, so he had notice of the potential sentence for his offenses.
 {¶ 12} Furthermore, Hutchen argued that he was denied effective assistance of counsel because his counsel should have raised the Ex Post Facto and Due Process issues at the sentencing hearing and requested the trial court sentence him to a minimum and concurrent prison term. However, this argument is moot because, as stated previously, his sentence did not violate the Ex Post Facto or Due Process Clause.
{¶ l3} Accordingly, we find Hutchen's sole assignment of error is overruled and the May 31, 2006 Judgment of conviction and sentence entered in the Common Pleas Court of Hancock County, Ohio filed on June 6, 2006 sentencing him to two years in prison is affirmed.
Judgment affirmed.
 ROGERS and WALTERS, J., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)